UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                                Plaintiff,

                                **DECISION AND ORDER**
      v.                             17-CR-05-A

MICHAEL ELDER,

                                Defendant.
_____

Before the Court is Defendant Michael Elder's motion to modify his sentence pursuant to 18 U.S.C. Section 3582(c)(2). (Dkt. No. 155). Specifically, Elder seeks a sentencing reduction based upon Guidelines Amendment 821, enacted November 1, 2023, which amended, as applicable here, Guideline §4A1.1(e) to eliminate the award of any "status points" under that Guideline where a defendant receives less than 7 criminal history points under subsection (a) through (d).  The Government opposed (Dkt. No. 160), and Elder replied (Dkt No. 161). For the reasons set forth below, the motion is **GRANTED**.

    **I.**      <u>**BACKGROUND**</u>

On July 25, 2018, the defendant was convicted by jury trial of Counts 1-3 of a 3-count Indictment as follows: Count 1 charged that on or about November 3, 2016, the defendant did knowingly, intentionally and unlawfully possess with intent to distribute 28 grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C.

§841((b)(1)(B); Count 2 charged that on or about November 3, 2016, the defendant did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of a mixture and substance containing fentanyl, a Schedule II controlled substance; butyryl fentanyl, a Schedule I controlled substance; and furanyl fentanyl, a Schedule I controlled substance analogue as defined in 21 U.S.C. §802(32), knowing that the mixture and substance was intended for human consumption, as provided in 21 U.S.C. §813, all in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. 841(b)(1)(C); Count 3 charged that beginning on a date unknown and continuing to on or about November 3, 2016, the defendant did knowingly, intentionally, and unlawfully use and maintain a place, that is, the premises at 143 Edgewood Avenue in Tonawanda, New York, for the purpose of manufacturing, distributing and using cocaine base, a Schedule II controlled substance; fentanyl, a Schedule II controlled substance; butyryl fentanyl, a schedule I controlled substance; and furanyl fentanyl, a Schedule I controlled substance analogue as defined in 21 U.S.C. §802(32), knowing that the mixture and substance was intended for human consumption, as provided in 21 U.S.C. §813, all in violation of 21 U.S.C. §856(a)(1). (Dkt. No. 95, p. 4).  Much of the evidence against Elder came from a November 3, 2016, search which was conducted at his residence. During that search, law enforcement officers found, *inter alia*, 92.7 grams of cocaine base, and 117.8 grams of fentanyl. (Dkt. No. 95, p. 7).  Such search, which was conducted by law enforcement agents and members of the United States Probation Office, which had been supervising Elder since his release from federal prison following his conviction, in 2005, Elder as a result of his conviction of for firearms offenses and bank robbery. . (Dkt. No. 108, p. 2).

2

In his Presentence Investigation Report, Elder's total offense level (TOL) was calculated to be a level 34 and his criminal history category (CHC) was determined to be III. With a TOL of 34 and CHC of III, Elder's guideline range of imprisonment was determined to be 188 months to 235 months. (Dkt. No. 95, p. 14). At Elder's sentencing, on October 31, 2018, this Court imposed a sentence of 210 months imprisonment. (Dkt. No. 99).

According to the Supplemental PSR, as of February 1, 2024, Elder had served approximately 86 months and 30 days of his sentence. (Dkt. No. 157, ¶6). The Supplemental PSR also states that Elder has earned 351 days of good time credit. (Dkt. No. 157, ¶6). Elder's projected release date (without regard to the instant motion for a sentence reduction) is December 15, 2032. (Dkt. No. 157, ¶7).

## II.  ANALYSIS

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.1Q(b)(1)); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010). Assuming that the resultant range is lower than that applicable at the time of Elder's original sentencing, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are

3

contained in U.S.S.G. § 1B1.10. *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020)(citation omitted).

Here, the Government agrees with Elder's contention that the status-points amendment portion of Amendment 821 applies and that application of such amendment results in a reduction of Elder's CHC from Category III to II. (Dkt. No. 160, p. 2). As a result, the government agrees that Elder's post-Rule 35, Guidelines range of imprisonment has been reduced from 188 to 235 months to 168 to 210 months. (Dkt. No. 160, p. 2).[1]

Based upon the foregoing, Amendment 821 may appropriately be construed as lowering Elder's applicable Guidelines range such that he is otherwise eligible for a sentencing reduction, *see*, U.S.S.G. § 1B1.10(a)(2)(B) (sentence reduction not authorized where "[a]n amendment…does not have the effect of lowering the defendant's applicable guideline range"); *see*, *Dillon v. United States*, 560 U.S. at 827.

Having established Elder's eligibility for a sentencing reduction, this Court must determine, under step two of the *Dillon* inquiry, *see, Dillon v. United States*, 560 U.S. at 827, whether, upon consideration of the factors set forth in 18 U.S.C § 3553(a) and all the circumstances presented, this Court should exercise its discretion further to reduce Elder's sentence. *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir.

---

[1] While Elder's defense attorney, in the initial motion, indicated that she believed that the amendment would result in a reduction of Elder's sentencing range to 151 to 188 months. (Dkt. No. 155, p. 1). Elder's counsel, in her reply, agrees with the government that the calculation in the Supplemental PSR is correct, and that application of the amendment results in a new Guidelines range of imprisonment of 168 to 210 months. (Dkt. No. 161, p.2 n.1).

4

2010)("[i]f, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in *Dillon* requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'").

Based upon this Court's consideration of the § 3553(a) factors, this Court determines that Elder's sentence, as this Court did on the prior occasion it sentenced defendant, should be reduced to just beneath the mid-point of the applicable range—in this instance, that results in a term of imprisonment of 187 months.

In opposing any reduction in Elder's sentence, the government cites the defendant's "history of committing violent felonies with guns" and fact that defendant "after being released from a lengthy sentence, while on supervised release, demonstrated a his lack of respect for court-imposed conditions by possessing controlled substances." (Dkt. No. 160, p.6).  Such factors, however, remain unchanged from the prior occasion on which this Court sentenced Elder at just below the mid-point of the applicable range.  In other words, this Court determines that for the same reasons that a sentence at just below the mid-point of the Guideline range was appropriate when Elder was initially sentenced in 2018, sentencing at such point of the new Guideline range—notwithstanding the arguments of both parties—remains appropriate here.  The Court further notes that while Elder has sustained only one disciplinary violation during his 7 years of incarceration, and the fact that he has taken

5

advantage of programming during the period. In sum, the Court concludes that consideration of the Section 3553(a) factors warrants granting the reduction.

### III. **CONCLUSION**

For these reasons, Defendant Michael Elder's motion to modify his sentence pursuant to 18 U.S.C. Section 3582(c)(2) (Dkt. No. 155) is **GRANTED**, and his term of imprisonment is reduced from 210 months to 187 months. All other terms and conditions of the sentence previously imposed remain unchanged.

**IT IS SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
SENIOR U.S. DISTRICT JUDGE

Dated: March 26, 2024
Buffalo, New York.